## JONES vs. THE STATE, use of ORR.

1815.
MAY.

APPEAL from *Harford* County Court   Debt on a sheriff's bond. The defendant, (now appellant,) pleaded general performance. The breach assigned in the replication was the voluntary escape of *W. T. Hall*, committed under an execution at the suit of *T. Orr*, at whose instance and for whose use this action was brought. *Rejoinder*, that *Hall* was retaken, &c. and was in custody when the writ in this cause issued. That the escape was without the knowledge, &c. of the sheriff. *Traverse*, voluntary permission to escape, &c. *Surrejoinder*, that *Hall* was not retaken, and did not remain in custody; that the escape was voluntary and wilful. *Rebutter*, that *Hall* did escape without the knowledge, &c of the sheriff. Issue joined.

In an action on a sheriff's bond for a voluntary escape of a debtor committed to the custody of the sheriff under an execution—*Held*, that if the sheriff appointed the dwelling-house of the debtor as his prison, and the debtor was there confined, or was there confined, and his dwelling-house was not part of the public gaol and prison of the county, and was not within the prison walls and prison bounds of the gaol, there was proof of a voluntary escape.

At the trial the plaintiff prayed the opinion of the court, and their direction to the jury, that if the jury believed that the sheriff appointed the dwelling-house of *Walter T. Hall* as his prison, and that *Hall* was there confined, and that his dwelling-house was not part of the public gaol and prison of *Harford* county, and was not within the prison walls and prison bounds of the said gaol, that then there was proof of a voluntary escape. Of this opinion the Court, [*Hollingsworth*, A. J.] was, and so directed the jury. The defendant excepted; and the verdict and judgment being against him, he appealed to this court, where the cause was argued at December term 1813, before CHASE, Ch. J. and BUCHANAN, NICHOLSON, EARLE, and JOHNSON, J.

*Martin* and *Kell*, for the Appellant. The question is, whether a sheriff can permit a person, committed to his custody under a *ca. sa.* to be confined in any place but the public gaol of the county? They contended, that the commitment of a debtor in execution, being to the *custody* of the sheriff, and not to the county gaol, or any particular prison, it follows that the sheriff must fix upon the place of confinement within his bailiwick. The law has not provided that any other person shall do it, nor does it declare the county gaol to be the place for such confinement. Suppose there be no gaol in the county, or that it be insecure, of which the sheriff must judge, shall he not confine elsewhere? The opinion of the court below is in effect, that if a sheriff makes a debtor's house his prison, and there keeps him confined, yet the sheriff is guilty of an escape.

1815.

Kerr
v.
The State

They cited *Imp. Off. Shff.* 43, 67, 68, 147, 215. *Boys-ton's Case,* 3 *Coke,* 44. 1 *And.* 345. *Latch's Rep.* 16, 6 *Bac. Ab.* tit. *Sheriff,* (H 5,) 158. *Husband vs. Cole,* 1 *Sid.* 318. *Dalton,* 143. *Rigewaie's case,* 3 *Coke,* 52. *Gilb.* 80. 85. *Dalton,* 139. *Imp.* 220. *Bonafous vs. Walker,* 2 *T. R.* 126. *Balden vs. Temple,* *Hob.* 202. No injury can be sustained if the person is *confined;* and from the authority referred to in *Latch,* "confinement is the whole of the debtor's punishment, and of the creditor's satisfaction." Here it appears that the party never was out of *confinement.* It would then surely be a very rigid construction to make the sheriff guilty of an escape, and is opposed by the authorities referred to. Such a decision can be only authorised upon the principle that he must confine prisoners for debt in the county gaol, and that is in direct opposition to the authorities cited.

*Montgomery,* (Attorney General,) and *Harper,* for the Appellee, referred to the stat. 32 *Geo.* II, *ch.* 22. 1 *Backus's Shff.* 152. The acts of November 1778, *ch.* 6, s. 11; November 1781, *ch.* 10, s. 5; and 1786, *ch.* 24, s. 5. 2 *Bac. Ab.* tit. *Escape in Civil Cases,* (B). 3 *Blk. Com.* 415. 3 *Com. Dig.* 492, 108. *Ravenscroft vs. Eyles,* 2 *Wils.* 294. *Balden vs. Temple,* *Hob.* 202; and *Sheriff of Essex's case, Ibid* 202.

*Curia adv. vult.*

At this term,

JUDGMENT AFFIRMED.

May.

KERR, *et al.* vs. THE STATE, use of THE LEVY COURT, &c.

APPEAL from *Baltimore* County Court. Debt on the following bond: "Know all men by these presents, that we, *William Kerr,* *William Jones,* *Charles Griffin,* *Richard Ridgely.* Esquire, and *William Booth,* all of *Baltimore* county, in the state of *Maryland,* are held and firmly bound unto the state of *Maryland,* in the sum of five thousand dollars current money of the *United States,* to be paid to the said state; to the which payment, well and truly to be made and done, we bind ourselves, our and every of our heirs, executors and administrators, in the whole and for the whole, jointly and severally, firmly by these presents,

In an action on the bond of a supervisor of public roads, wherein, there being no pleading, a case was stated for the court's opinion, upon which the county court gave judgment for the plaintiff. On appeal, *reversed,* 1. Because the authority of the levy court was a special one, and had not been strictly pursued by them in making the appointment of a supervisor on the day directed by the act of assembly of 1801, *ch* 77. 2 Because there was no replication setting forth the breaches.